## Aubrey's Administrator v. Stimson.

(Decided October 28, 1914.)

### Appeal from Daviess Circuit Court.

1. Corporations—Officers of — Negligence — Liability.—Officers of corporations are not liable for the negligence of the corporation merely because of their official relationship to it; such liability only grows out of some wrongful or negligent act or omission by the officer amounting to a breach of duty and thereby making him a participant in the wrongful act.

2. Corporations—Inspection of Boiler—Notice.—In this case it was not the duty of the president of the corporation to inspect the boiler which exploded and killed the intestate; and he, having no notice of the defective condition of the boiler, was guilty of no breach of duty which made him liable.

3. Corporations—Officers of.—Officers of corporations are not insurers of the fidelity of its subordinate employes.

LOUIS I. IGLEHART and LITTLE & SLACK for appellant.

MILLER, SANDIDGE & MALIN for appellee.

OPINION OF THE COURT BY JUDGE TURNER—Affirming.

Appellant's intestate while an employe of the Owensboro Chair Manufacturing Company was killed by the explosion of a boiler in its manufacturing plant, and this action was instituted against the company and the appellee Stimson seeking the recovery of damages.

A verdict was returned against the company upon which judgment was entered, and from which judgment there has been no appeal; but at the conclusion of the evidence the court directed a verdict for the appellee, and from that action of the court the plaintiff has appealed.

The allegation as against Stimson is that he was the president, director, superintendent, and general manager of the corporation; that the boiler was in a dangerous and defective condition prior to the explosion, and that this condition was known to Stimson or could have been known to him by the exercise of ordinary care.

The evidence tended strongly to show that the boiler had been previous to the explosion in a dangerous condition, but failed wholly to show that appellee was either the superintendent or general manager of the company's plant. On the contrary it shows that he was president of the company and a member of its board of directors, and had an office some distance from the plant and exercised no active control or management over the operation of the plant; that the company provided a general manager, a foreman, and an engineer, the latter being in control of the engines and boilers. The evidence is that appellee visited the plant not oftener than once every week or two, and then only for a short time. There is a total failure to show that the appellee knew of the dangerous condition of the boiler.

So that the only question presented is whether the president or director of a manufacturing corporation, who is not in active control of its manufacturing plant, is liable in damages to one who is injured by reason of the negligence of the corporation, of which negligence the president or director had no notice.

The company had committed the operation of its plant to its general manager, foreman, and engineer, and it was the latter's duty to inspect the boiler, and if it needed repairs to report to those higher in authority that fact and what material was necessary to repair it; certainly it was not the duty of the president of the corporation to inspect it.

Officers of corporations are not held liable for the negligence of the corporation merely because of their official relation to it, but because of some wrongful or negligent act by such officer amounting to a breach of duty which resulted in an injury.

In this case appellee did not owe the duty to the decedent to inspect the boiler, nor did he owe any duty to have it repaired until he had notice of its condition.

To make an officer of a corporation liable for the negligence of the corporation there must have been upon his part such a breach of duty as contributed to or helped to bring about the injury; that is to say he must be a participant in the wrongful act.

The case of Murray v. Cowherd, 148 Ky., 591, illustrates the distinction; in that case the president of a telephone company was also its general manager, and as such it was his duty to inspect the telephone poles, and he was there held liable for his failure to properly inspect the pole which injured the plaintiff. His failure to perform a duty brought about the injury, while in this case it has not been shown that the appellee failed to perform any duty which contributed to the death of plaintiff's intestate.

Responsible business men would hesitate to become officers of large corporations if they were held to be the insurers of the fidelity of its subordinate employes. (Thompson on Corporations, Vol. 2, section 1280.)

We are of opinion that the lower court properly directed the verdict for the appellee and the judgment is affirmed.